**Opinion issued January 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00822-CV**

———————————

**SHARON YASIN, Appellant**

**V.**

**HARRIS COUNTY CIVIL COURTS AT LARGE COURT 1, Appellee**

---

**On Appeal from County Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1204306**

---

## MEMORANDUM OPINION

Appellant, Sharon Yasin, acting pro se, attempts to appeal from the trial court's September 15, 2023 order of dismissal. Appellant has been declared a vexatious litigant and is the subject of a pre-filing order, signed on August 23, 2023, in *Sharon Yasin v. Harris County Civil Courts at Large Court 1, et al.*, Cause No.

1204306, in the County Court at Law No. 1, of Harris County, Texas. *See* Office of Court Administration List of Vexatious Litigants Subject to a Prefiling Order under Chapter 11 of the Civil Practice and Remedies Code, *available at* www.txcourts.gov/judicial-data/vexatious-litigants.aspx (last viewed on Dec. 22, 2023); *see also* TEX. CIV. PRAC. & REM. CODE § 11.104(b) (requiring Office of Court Administration to maintain and post list of vexatious litigants on agency's website); *Johnson v. Marsh*, No. 02-13-00406-CV, 2014 WL 982377, at *1 n.2 (Tex. App.—Fort Worth Mar. 13, 2014, no pet.) (mem. op.) (taking judicial notice of list of vexatious litigants maintained by Office of Court Administration). The pre-filing order prohibits Appellant from filing, pro se, new litigation without seeking the permission of an appropriate local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE §§ 11.101, 11.102.

The Clerk of this Court may not file an appeal presented by a vexatious litigant subject to a pre-filing order unless the litigant first obtains an order from the appropriate local administrative judge permitting the filing or the appeal is from a pre-filing order designating the person a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE § 11.103(a). Appellant is not appealing from a pre-filing order designating her a vexatious litigant. *See id.* § 11.103(d). Appellant may thus not proceed with her appeal unless the appropriate local administrative judge permitted her filing. *See id.* § 11.103(a).

2

On January 4, 2024, the Clerk of this Court notified Appellant that this appeal was subject to dismissal unless she responded within ten days with proof that, before filing her appeal, she obtained an order from the appropriate local administrative judge permitting her appeal. In response to the notice, Appellant did not produce an order permitting the filing of her appeal or otherwise adequately respond. Additionally, the clerk's record is devoid of any order permitting the filing of this appeal.

Accordingly, we dismiss the appeal. *See id.* § 11.1035(b); TEX. R. APP. P. 42.3(a); *Johnson v. Parker*, No. 03-19-00067-CV, 2019 WL 3922908, at *1 (Tex. App.—Austin Aug. 20, 2019, no pet.) (mem. op.) (dismissing vexatious litigant's appeal in absence of order from local administrative judge permitting filing of appeal); *Johnson v. Hughey*, No. 06-12-00079-CV, 2012 WL 4761546, at *1 (Tex. App.—Texarkana Oct. 5, 2012, no pet.) (mem. op.) (same).

All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.